IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARON EASTER                                                                                    PETITIONER

VS.                                                         CIVIL ACTION NO. 4:13cv74-DPJ-FKB

ERNEST LEE                                                                                      RESPONDENT

## **REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by Baron Easter and Respondent's motion to dismiss the petition as untimely. Having considered the motion and the submissions of the parties, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

Petitioner was convicted in the Circuit Court of Lauderdale County, Mississippi, of the crime of sale of cocaine. He was sentenced as a habitual offender to serve a term of forty years. The Mississippi Supreme Court affirmed Easter's conviction and sentence. His petition for rehearing was denied on August 5, 2004. Easter filed no petition for writ of certiorari to the United States Supreme Court. His § 2254 petition was filed with this court on or after March 26, 2013.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Easter's original petition, which was stamped as filed on April 17, 2013, was unsigned. Thereafter, Petitioner provided a signed signature page dated March 26, 2013.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Easter did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his ninety-day period for doing so expired, *i.e.*, on November 3, 2004. *See Otto v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (pursuant to Supreme Court Rule 13(a), period for seeking certiorari is ninety days after the state court's final decision); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired."). Petitioner had one year from that date, or until November 3, 2005, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for

any period during which a properly-filed motion for post-conviction relief was pending in the state court. Easter failed to file any properly-filed motion for post-conviction relief on or before November 3, 2005. Thus, his one year expired on that date, and his habeas petition is untimely.

In his petition, Boyd attempts to avoid the one-year limitations period by arguing that his claims were unavailable to him until the Mississippi Supreme Court issued its decision in *Rowland v. State*, 42 So. 3d 503 (Miss. 2010). In *Rowland*, the court held that claims based upon errors involving fundamental rights are exempted from the procedural bars of Mississippi's post-conviction statute. Boyd has failed to explain, however, what this holding has to do with his failure to file a timely federal petition.[2]

In another attempt to avoid dismissal, Boyd argues that he is entitled to tolling of the limitations period because he is "actually innocent" of the crime for which he was convicted. Neither the Supreme Court nor the Fifth Circuit has recognized an allegation of actual innocence as a basis for equitable tolling of the limitations period of § 2244(d). Indeed, the Fifth Circuit has on several occasions rejected such an argument. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002)

---

[2]Easter did not file a timely application for state post-conviction relief. Rather, he waited until January 11, 2013, in which to seek relief in state court. His application was denied as untimely on February 13, 2013. Apparently Easter is arguing that once he missed the three-year deadline for filing in state court, he could not seek state relief and, because he could not exhaust his claims, could not file a federal habeas petition, until the *Rowland* decision gave him reason to believe that his claims might be considered by the state court. Nowhere, however, has he explained why he failed to file for post-conviction relief prior to the running of his federal one-year limitations period and thereby preserve his right to seek federal relief.

(§ 2255 case). It has, however, left open the question of whether a *showing* of actual innocence might warrant equitable tolling. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Felder v. Johnson,* 204 F.3d 168 n. 8 (5th Cir. 2000). This possibility does not aid Easter in his attempt to circumvent § 2244(d) because he has made no showing whatsoever of actual innocence.

In short, Easter has failed to establish the applicability of any exception that would allow his untimely petition to be considered by this court. The undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of October, 2013.

                                        /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE