UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARON EASTER                                                                               PETITIONER

v.                                                               CIVIL ACTION 3:13-cv-1014-DPJ-FKB

ERNEST LEE                                                                                RESPONDENT

ORDER

This habeas petition is before the Court on United States Magistrate Judge F. Keith Ball's Report and Recommendation [12] in which he recommends dismissal. Petitioner Baron Easter filed his Objection [13], the State filed its Response [14], and Easter responded with a Motion to Strike [15] because he disagreed with the State's arguments. Having fully considered the premises, the Court concludes that the Report and Recommendation should be adopted in part, as further explained below, and that the petition should be dismissed as untimely. Easter's motion should be denied because disputed legal arguments are no basis for striking a response.

I.      Background

After his conviction for sale of cocaine and sentence based on habitual offender status, Easter filed a timely appeal before the Mississippi Supreme Court. The appeal was pursued by counsel other than Easter's trial counsel and included, among other claims, an assertion that trial counsel had been ineffective. The Mississippi Supreme Court denied the appeal on May 6, 2004. *Easter v. State*, 878 So. 2d 10 (Miss. 2004). No further appeal was taken, and judgment became final November 3, 2004.

More than eight years later, Easter filed a motion for post-conviction relief in state court arguing two new grounds for relief based on ineffective assistance of his trial counsel. First, he contends that counsel failed to file a demurrer challenging the Indictment's compliance with

Mississippi procedural rules. Though he concedes that the Indictment provided notice, he contends that the list of prior convictions in the Indictment should not have appeared in an appended exhibit but should have instead appeared before the words "against the peace and dignity of the State of Mississippi." Second, Easter asserts that counsel failed to object to a jury instruction that identified a confidential informant who was listed in the Indictment but not then identified by name. The Mississippi Supreme Court denied Easter's application for post-conviction relief as untimely and meritless on February 13, 2013, and Easter thereafter filed his federal petition March 26, 2013. In it, Easter focuses entirely on the claims he first raised in his request for post-conviction relief.

Magistrate Judge Ball concluded that Easter's federal habeas petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d) because he filed it nearly seven and one-half years after his state judgement became final. In doing so, Judge Ball acknowledged Easter's equitable arguments for filing late: (1) that he filed for post-conviction relief after learning of a Mississippi Supreme Court decision in 2013 that would allow him further state-court review; and (2) actual innocence. In his Objection, Easter elaborates on these two issues offering further explanation that was not available to the magistrate judge. Though these arguments still fall short, they require analysis not presented in the Report and Recommendation.

II.    Standard

Pursuant to § 2244(d), Easter was required to seek federal habeas review within one year of his state-court judgment becoming final. That never happened, but exceptions exist. First, the statute itself delays the running of the AEDPA's limitations period in certain contexts not here

applicable. 28 U.S.C. § 2244(d)(1). Second, § 2244(d)(2) tolls the limitations period during state post-conviction review, but no review was filed during the initial one year. In addition to these statutory provisions, § 2244(d)'s deadline "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Finally, a showing of actual innocence creates an "equitable exception" to the AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). This petition turns on the equitable arguments.

III. Analysis

    A. Equitable Tolling

Respondent argued in its Motion to Dismiss that Easter had not explained the long delay in bringing these two new claims. Easter acknowledged the argument in response and stated that "at the time [] he discovered the factual predicate of his claims, he was procedurally barred from raising his claims in the state courts . . . ." Pet.'s Response [10] at 2. That statement is demonstrably untrue as the factual predicate for the claims existed before his conviction and could have been raised in the same direct appeal that challenged other aspects of his trial counsel's performance.

In his Objection, Easter takes a different but somewhat related approach, arguing that his brother retained post-conviction counsel in March 2005, approximately eight months before his initial deadline to file under § 2244. Believing that his matter was in hand, Easter "became caught up in the ordinary incidents of prison life." Objection [13] at 2. But unbeknown to Easter, the attorney—who is not identified in the record—never filed a petition for post-

3

conviction review. And, as with his first explanation, Easter asserts that his new claims were procedurally barred by the time he learned of the attorney's malfeasance.

The Court will assume for argument that counsel dropped the ball as Easter now asserts. Arguably, this failure could present exceptional circumstances allowing equitable tolling. *See Maples v. Thomas*, 132 S. Ct. 912, 924 (2012). But "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted and punctuation altered). Easter was not diligent.

Easter learned of the lawyer's failings in 2009 yet delayed filing his application for post-conviction relief in state court until March 2013. Objection [13] at 2. To cure that defect, Easter asserts that he was procedurally barred from pursing these new grounds in state court—*i.e.*, exhausting—until the Mississippi Supreme Court decided *Rowland v. State*, 42 So. 3d 503 (Miss. 2010). According to Easter, *Rowland* established—for the first time—that the duty of Mississippi courts to consider time-barred claims regarding fundamental rights is mandatory and not discretionary. Easter therefore argues that having failed to raise these issues on direct appeal or on post-conviction review, he was barred from exhausting them until *Rowland* changed the rules. Once *Rowland* was decided, he attempted to exhaust and then filed the present federal petition.

The problems with Easter's argument begin with his interpretation of *Rowland* and the state of Mississippi law before it was decided. The Mississippi Supreme Court conceded that one of its prior decisions was "less than consistent," leading the Mississippi Court of Appeals to incorrectly conclude that review of untimely claims regarding fundamental rights was

4

discretionary. *Id*. at 506 (citing *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991)) ("Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration . . . ."). But after reviewing its own precedent, the Mississippi Supreme Court found it "evident that no discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars." *Id*. at 507 (citing *Smith v. State*, 477 So. 2d 191 (Miss. 1985); *Read v. State*, 430 So. 2d 832 (Miss. 1983)). In other words, the court held that review has always been mandatory despite the loose language in *Luckett*. *Id*. at 508.

So where does this lead? As an initial point, even if Easter was correct in believing that review of claims regarding fundamental rights was discretionary before *Rowland*, he has not explained why he did not seek that discretionary review in 2009 when he first learned that no post-conviction relief had been sought. Regardless, *Rowland* demonstrates that review has always been mandatory, so the claims should have been pursued in 2009. And even if *Rowland* had impacted Easter's ability to exhaust, he waited until January 11, 2013—two and one-half years after *Rowland* was decided—to file his application for post-conviction relief.

Another problem for Easter is that the claims did not relate to fundamental rights. The Mississippi Supreme Court correctly said as much in its February 2013 denial of Easter's application for post-conviction relief. So *Rowland* changed nothing with respect to the claims in Easter's federal petition which he should have filed long before he did. And to the extent Easter was confused about all of this, ignorance of law and *pro se* status are not sufficient to justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000). In essence,

5

Easter's discovery of *Rowland* does not excuse his lack of diligence after learning in 2009 that no application for post-conviction relief had been filed in state court.[1]

  B. *Martinez v. Ryan*

Easter argues that he is entitled to relief based on *Martinez v. Ryan*, 566 U.S. 1 (2012), where the United States Supreme Court "considered the right of a state prisoner to raise, in a federal habeas corpus proceeding, a claim of ineffective assistance of trial counsel." *Trevino v. Thaler*, 133 S. Ct. 1911, 1914 (2013) (applying *Martinez* to appeal under Texas procedural rules). But neither *Martinez* nor *Trevino* address untimely claims. *See Givens v. Jindal*, No. 13–00089–BAJ–SCR, 2014 WL 68722, at *1 (M.D. La. Jan. 8, 2014) (holding *Martinez* inapplicable to timeliness issue under 28 U.S.C. § 2244(d)); *Oxley v. Cain*, No. 11–669–JJB–SCR, 2013 WL 5238297, at *2 (M.D. La. Sept. 17, 2013) (same); *Kuykendall v. Stephens*, No. 4:13–CV–248–Y, 2013 WL 3455724, at *3 (N.D. Tex. July 9, 2013) (same); *Morris v. Cain*, No. 06–289–SDD–SCR, 2013 WL 2451036, at *3 (M.D. La. June 4, 2013) (same).

  C. The Actual Innocence Equitable Exception

Easter finally asserts actual innocence and contends that the magistrate judge failed to acknowledge his proof. A compelling case of actual innocence would provide an equitable basis for allowing a late petition. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013). But the

---

[1] Even if Easter could overcome the AEDPA's one-year limitations period, the petition suffers from at least two other deficiencies. For example, the Mississippi Supreme Court alternatively held that these new claims are procedurally barred and otherwise meritless. The procedural bar would preclude federal review in this instance. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). And the merit-based finding would survive review under the standards expressed in *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

standard for making that showing is "demanding." *Id*. at 1936 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To prevail, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. The exception "applies to a severely confined category: cases in which new evidence shows "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin*, 133 S. Ct. at 1933 (citing *Schlup*, 513 U.S. at 329).

> The Supreme Court has defined a claim of "actual innocence" as constituting either (1) a substantive argument that, as a matter of fact, the petitioner did not commit the acts that constitute his crime of conviction, adding that he must prove such an assertion by "truly persuasive" newly discovered evidence . . . ; or (2) a procedural argument that constitutional errors at trial, along with newly discovered evidence of his factual innocence, undermine the certainty of the petitioner's conviction . . . . [B]oth of these types of actual innocence claims are conditioned on the existence of new evidence that was not presented at trial and that calls the petitioner's conviction into question.

*Henderson v. Thaler*, 626 F.3d 773, 783 (5th Cir. 2010) (citations omitted). Finally, the new reliable evidence "ought to consist of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Stroman v. Thaler*, 405 F. App'x 933, 934–35 (5th Cir. 2010) (citing *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 324)).

In this case, Easter contends that his Indictment, though providing adequate notice, failed to follow Mississippi procedural rules. For example, he claims that the list of prior convictions should have been located in the body of the Indictment. He further argues that a jury instruction identifying a confidential informant constituted constructive amendment because the indictment—though mentioning the sale of cocaine to a confidential informant—never identified the confidential informant by name or otherwise. Neither argument offers new evidence, or any

evidence, that Easter did not sell cocaine as charged or that he did not have prior felony convictions. He has not demonstrated actual innocence.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not change the results. Given the nature of the issues, the Court concludes that a hearing is not necessary. The Court adopts those portions of the Report and Recommendation that are not inconsistent with this ruling and adopts the recommendation that the petition be dismissed. Petitioner's Motion to Strike is denied. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 16th day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE